## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JAY S. COOPER,** | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO.  4:10-CV-689** |
| **v.** | § | |
| | § | |
| **CITY OF PLANO, TEXAS; THOMAS** | § | |
| **MUEHLENBECK, City Manager;** | § | |
| **MARK ISRAELSON, Assistant City** | § | |
| **Manager; SCOTT NEUMEYER;** | § | |
| **DOUGLAS ANGLE; CHAD** | § | |
| **BEOUGHER; JAMAL MURRAY;** | § | |
| **DAN K. WILSON; and an** | § | |
| **UNKNOWN CLERK OF THE COLLIN** | § | |
| **COUNTY CLERK'S OFFICE,** | § | |
| **INDIVIDUALLY AND IN THEIR** | § | |
| **OFFICIAL CAPACITIES,** | § | |
| **Defendant.** | § | |

### DEFENDANTS RICHARD PEREZ, JOHN CLAGGETT AND EARNEST OLDHAM'S
### FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **RICHARD PEREZ** ("Officer Perez"), **JOSEPH CLAGGETT** ("Officer

Claggett"), and **EARNEST OLDHAM** ("Lt. Oldham") (collectively, the "Officer Defendants"),

three of the twenty-two (22) Defendants in the above-styled cause, and pursuant to Fed.R.Civ.P.

12(b)(6), moves the Court to dismiss the Plaintiffs have asserted against them in their individual and

official capacities for failure to state a claim upon which relief can be granted or, in the alternative,

for being redundant, and in support thereof would show:

### I.
### PERTINENT FACTUAL BACKGROUND FOR PURPOSES OF THIS MOTION

1.      The Plaintiffs herein are Jay S. Cooper and his wife Teresa Ward Cooper. Plaintiffs' First

Amended Complaint ("Complaint") at ¶¶ 88, 89.

2.      They have brought suit against 22 Defendants, including Richard Perez, Earnest Oldham, and John Claggett who, at all pertinent times, were employed as police officers with the Police Department of the City of Plano.  Complaint at ¶¶ 75-77.

3.      In their First Amended Complaint, the Plaintiffs allege, insofar as Officer Perez, Lt. Oldham and Officer Claggett are concerned, that on or about January 18, 2011, a search warrant that had been signed by Judge Paul McNulty, Judge of the Municipal Court of the City of Plano, was being executed at their residence. Complaint at ¶ 42.

4.      In this regard, the Plaintiffs claimed that they had a "right to refuse Defendants entry into their residence, [test] the validity of the search warrant, and to observe the execution of the search warrant.  Complaint at ¶ 45.

5.      However, the Defendants prevented them from doing so. Complaint at ¶ 45.

6.      In this regard, the Plaintiffs allege in a conclusory fashion that Officer Perez engaged in unauthorized surveillance of Plaintiff Teresa Ward Cooper by "[following] her for several miles northbound on Alma until after [Plaintiff Jay Cooper] entered the vehicle."Complaint at ¶ 46.

7.      At that point, Officer Perez purportedly "followed the vehicle driven by Plaintiff Teresa Cooper for several miles northbound on Alma."  Complaint at ¶ 48.

8.      The Plaintiffs contend that such surveillance was not authorized by "28 C.F.R. § 23.20 and related law."  Complaint at ¶ 46.

9.      They also assert in a conclusory manner that when they were close to their residence, i.e. approximately 6/10ths of a mile away, Officer Perez "with" Officer Claggett, initiated "an unlawful pretext traffic stop."  Plaintiffs' Complaint at ¶ 47.

10.  In this regard, they allege that Officer Perez told them that the reason for the stop was the prevent them from returning their home where "Code Enforcement or the City of Plano Property Standards Department was conducting an investigation and executing a search warrant."  Complaint at ¶ 47.

11.  The Plaintiffs also contend that Officer Perez and Officer Claggett engaged in radio communication with unknown officers and supervisors. Complaint at ¶ 49.

12.  In any event, Plaintiff Jay Cooper, who was a passenger in the front seat of the vehicle being driven by his wife, subsequently exited the vehicle and began walking toward his residence. Complaint at ¶ 49.

13.  The Plaintiffs contend that Officer Perez ordered Officer Claggett to "stop him ..." Complaint at ¶ 49.

14.  Further, Officer Claggett allegedly chased Mr. Cooper and informed him that he would be "arrested on site if he arrived at his residence during the ongoing search." Complaint at ¶ 49.

15.  However, it is undisputed that Mr. Cooper was never arrested.  Complaint at ¶¶ 50-52.

16.  To the contrary, Officer Claggett communicated to unknown officers and supervisors that Mr. Cooper was "hastily" walking toward his residence.  Complaint at  ¶ 40.

17.  Upon his arrival, Mr. Cooper claims that he encountered other unknown police officers including one who communicated to others via radio that he had "intercepted" him in the alleyway.  Complaint at ¶ 50.

18.  In any event, Mr. Cooper then entered his residence.  Complaint at ¶ 51.

19.  The Plaintiffs assert that Lieutenant Earnest Oldham was the ranking member of the Plano Police Department at the scene. Complaint at ¶ 52.

20.     Further, they contend that when Mr. Cooper arrived at his residence, the affidavit supporting

        the search warrant was not attached to the copy of the warrant which had been left at the

        premises. Complaint at ¶ 95.

21.     Further, when he asked for a copy of the affidavit supporting the warrant in the presence of

        Lt. Oldham, he was not provided same. Complaint at ¶ 95.

22.     However, a copy of the warrant itself was left at the Plaintiffs' residence. Complaint at ¶ 95.

## II.
## STATEMENT OF ISSUES

The following issues of law are presented by this Motion:

(1)     Whether the Plaintiffs have stated a claim upon which relief can be granted against

        Officer Perez, Officer Claggett or Lt. Oldham in either their individual or official

        capacities.

## III.
## STANDARD OF REVIEW

The standard governing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is well

settled. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Specifically, the

court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.

*Id*. However, the plaintiff must, in turn, plead "enough facts to state a claim to relief that is plausible

on its face." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)).

Of significance, the Supreme Court's decision in *Twombly* "retire[d]" the standard espoused in

*Conley v. Gibson* which spoke of the "accepted rule that a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief," in favor of its current standard requiring

plausibility. *Id*. at 1968-70 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In this regard,

"[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. As a result, when a complaint contains facts that are "merely consistent with" a defendant's liability, it "*stops short* of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. (quoting *Twombly*, 550 U.S. at 557) (emphasis added).

Further, even under the liberal notice pleading standard of Fed.R.Civ.P. 8, a complaint "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under a relevant legal theory in order to survive a Rule 12 (b)(6) motion to dismiss. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (*quoting* 3 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1216 at 156-159). As a result, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id*. (*quoting* 2A MOORE'S FEDERAL PRACTICE ¶12.07 [2.-5] at 12-91). Further, when reviewing a complaint to determine whether it contains all of the essential elements of a plaintiff's theory of recovery, "[t]he court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts to save [the] complaint." *Id*. (*quoting Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)); *see also Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

In conclusion, while the court is obligated to "accept as true all of the allegations contained in a complaint" when addressing the adequacy of a plaintiff's complaint alleging a violation of his federally secured rights, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a viable claim against a defendant. *Iqbal*, 129 S.Ct.

at 1949. Specifically, courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Id*. at 1949-50 (internal quotations omitted). Additionally, when determining whether a plaintiff has asserted a "plausible" claim for relief sufficient to survive a motion to dismiss, the reviewing court must engage in a "context-specific" analysis which "draw[s] on its judicial experience and common sense." *Id*. at 1950. As the Supreme Court has stated, "where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, if the Plaintiff has not pled a plausible claim for relief against Officer Perez, Officer Claggett, and Lt. Oldham, his claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.
### SHOULD THEIR CLAIMS NOT BE DISMISSED, THE PLAINTIFFS SHOULD BE ORDERED TO REPLEAD IN ACCORDANCE WITH FED. R. CIV. P. 8

Federal Rules of Procedure 12(e) provides, in part, that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Motions filed pursuant to Rule 12(e) must be considered in conjunction with the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a). *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this requirement is to provide the defendant with fair notice of what the claim is and upon what grounds it is based. *Twombly*, 550 U.S. at 555. On the other hand, "Rule 12(e)'s standard

is plainly designed to strike at unintelligibility rather than a lack of detail." 2 JAMES WM. MOORE, ET. AL., MOORE'S FEDERAL PRACTICE, ¶ 12.36 (3d ed.1999).

The Plaintiffs' First Amended Complaint is precisely the type of pleading Rule 12(e) was intended to address. While they have set out various, and often conclusory, factual allegations in their Complaint, the claims the Plaintiffs have enumerated in most instances make no distinction between the twenty-two (22) defendants they have sued, often using the all-encompassing term "Defendants" or the more general term "unauthorized persons." *See* Complaint at ¶¶ 91, 92, 97, 107, 108. In other words, the allegations in the Complaint concerning specific causes of action are so disjointed that it is difficult, if not at times impossible, for the Defendants to discern any coherent line of reasoning, recitation of facts, or enumeration of the claims asserted against them for which they should be on notice to defend themselves. *See, e.g.*, *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 628 n.1 (N.D. Tex. 2007). Therefore, it would be unreasonable for the Defendants to attempt to formulate a responsive pleading (i.e., Answer) due to the fact that they cannot discern which of the Plaintiffs allegations relating to their enumerated causes of action, if any, are directed at them. *See* Complaint at ¶¶ 91-109.

As discussed in the remainder of this Motion, the Officer Defendants have sought to address the allegations that the Plaintiffs may be attempting to assert against them and have demonstrated that, even assuming same, they have failed to state a plausible claim for relief sufficient to survive their Motion to Dismiss. *Iqbal*, 129 S.Ct. at 1949. However, should the Court find that Plaintiffs' claims should not be dismissed in their entirety, they should be ordered to replead in a manner sufficient to permit the Officer Defendants to discern the specific claims being asserted against them as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8.

## V.

### THE PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

**A.      The Plaintiffs' Claims Against the Officer Defendants In Their Official Capacities Fail As A Matter of Law**

It is undisputed that the Plaintiff has sued the City of Plano ("City") herein.  Complaint at

¶ 63. Further, he has sued the Officer Defendants in their official capacities as employees of the City.

Complaint at ¶¶ 63-84. However, it is well established that suits against a government official in his

official capacity are indistinguishable from suits against the government entity itself.  *See Hafer v.*

*Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116, L.Ed.2d 301 (1991) ("Suits against state officials

in their official capacity therefore should be treated as suits against the State").  In fact, a suit against

a governmental official in his official capacity is "only another way of pleading an action against an

entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099,

3105, 87 L.Ed.2d 114 (1985) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S.Ct.

2018, 2035 n.55, 56 L.Ed.2d 611 (1978)).   If the governmental entity receives notice and the

opportunity to respond, an "official-capacity suit" is treated as a suit against the entity.  *Graham,* 473

U.S. at 165-66.  Further, a suit against a municipal official in his or her official capacity is not a suit

against the official personally because the real party in interest is the entity.  *Id*. at 166.

As a result of the foregoing, any federal claims brought by the Plaintiff against the Officer

Defendants in their official capacities, including those brought under 42 U.S.C. § 1983, should be

dismissed when they are also brought against the local governmental entity that employed them.  The

principal that § 1983 claims brought against a government entity's employees are, in essence, claims

against the entity itself warranting dismissal is well established, as was noted by the Northern

District in *Gutierrez v. City of Mesquite*.  2001 WL 1343624 *2 (N.D. Tex. Oct. 30, 2001) (§ 1983

claim against employee sued in his official capacity dismissed as redundant where city also a defendant, citing numerous Supreme Court precedents); *see Holland v. City of Houston*, 41 F. Supp. 2d 678, 689 (S.D. Tex. 1999) (explaining current Supreme Court precedent that a suit against city police officer in his official capacity is actually a claim against the municipality and that a plaintiff's action against an officer in his official capacity "is of no independent legal significance"); *Walston v. City of Port Neches*, 980 F. Supp. 872, 878 (E.D. Tex. 1997) (Schell, C.J.); *see also Vaughan v. Rushin*, 2003 WL 553272 (E.D. Tex. Feb. 23, 2003) (Davis, J.) (dismissal of claims against police chief in a 42 U.S.C. § 1983 action brought against the city and the police chief in his official capacity).

Simply put, in light of the fact that the City is a Defendant herein, the Plaintiffs' claims against the Officer Defendants in their official capacities should be dismissed as a matter of law.

**B.      In the Alternative, Since the Plaintiffs Have Also Sued The City, Their Claims Against the Officer Defendants In Their Official Capacities Should Be Dismissed Because They Are Redundant**

In the alternative, it is undisputed that the Plaintiffs have also sued the City herein. Therefore, the claims they are asserting against the Officer Defendants in their official capacities are redundant and should be dismissed.  *See Gutierrez v. City of Mesquite*, 2001 WL 1343624 *2 (N.D. Tex. Oct. 30, 2001) (not designated for publication) (42 U.S.C. § 1983 claim against an employee sued in his official capacity dismissed as redundant where city also a defendant, citing numerous Supreme Court precedents); *see also Holland v. City of Houston*, 41 F. Supp. 2d 678, 689 (S.D. Tex. 1999) (explaining current Supreme Court precedent that suits against city police officer in his official capacity is actually a claim against the municipality and that a plaintiff's action against an officer in his official capacity "is of no independent legal significance").

**C.      The Plaintiffs Have Failed To State A Plausible Claim Against The Officer Defendants Under 42 U.S.C. § 1981**

In their Complaint, the Plaintiffs make a reference to 42 U.S.C. § 1981 and, presumably, seek to recover from the Officer Defendants for a violation of same. Complaint at ¶ 91. However, in order to state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir.2002), *abrogated on other grounds by Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *Cardenas v. City of Laredo, Tex.*, 2011 WL 1542882, *2 (S.D. Tex. Apr. 21, 2011). The Plaintiffs have failed to plead any of these elements. To-wit, they have not pled that they are members of a racial minority, that the Officer Defendants (or any other defendant) discriminated against them on the basis of race, or that any purported discrimination concerns one of the statutory activities enumerated in § 1981. *See generally* Complaint. As a result, the Plaintiffs have simply failed to plead facts which would state a plausible claim under § 1981.  Therefore, said claim should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

**D.      The Plaintiffs Have Failed To State A Plausible Claim Against the Officer Defendants Under 42 U.S.C. § 1983**

The Plaintiffs have failed to allege a plausible claim against the Defendant Officers under 42 U.S.C. § 1983.  In this regard, the Plaintiffs have set forth a litany of purported rights which they allege were violated and for which they are seeking to recover under § 1983. Specifically, they allege that they have suffered violations of (1) their constitutional right to enjoy property;[1] (2) unspecified

---

[1] An allegation that a defendant has unreasonably interfered with a plaintiff's right to use and enjoy their property is an allegation that the defendant has committed an unconstitutional taking. *Korndorffer v. City of Galveston*, 2002 WL 34185626, *5 (S.D. Tex. Jul. 8, 2002) ("The government brings about a regulatory taking by

violations of their First Amendment rights; (3) their right to equal protection under the law; (4) their right of access to the courthouse; (5) their right to "present [their] grievances"; (6) their right to work in their chosen field; (7) their right to be free from multiple prosecutions and sentences for the same offense; (8) malicious prosecution; (9) their right to be free from unreasonable search and seizure; (10) several alleged rights relating to the preparation of and execution of a warrant; and (11) their right not to be unlawfully deprived of "liberty and property." Complaint at ¶ 91. Not only have the Plaintiffs failed to plead any facts whatsoever which would implicate the Officer Defendants under any of these theories of § 1983 liability, many of these theories of recovery are themselves unavailable to them and should be promptly dismissed.

### 1. The Plaintiffs Have Not Pled A Plausible Claim For A Violation of Their First Amendment Rights, Their Right of Access to the Courts, or Their Right To Present Their Grievances

Though the Plaintiffs enumerate their right of access to the courts, their right to present grievances, and their First Amendment rights as three separate "rights" upon which suit is brought, these rights are one and the same. In this regard,

> Courts have long recognized that there is a fundamental constitutional right of access to the courts, founded both in the First Amendment guarantee of right to petition for redress of grievances and in the due process clause which assures that no person will be denied the opportunity to present to the courts their claims concerning violations of fundamental constitutional rights. *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir.1983). To establish a civil rights claim for violation of this constitutional right of access to the courts, a litigant must show not only that he was denied access to the courts, but that he suffered "actual injury", meaning that the actions of the defendants hindered his efforts to pursue his claim. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996).

*LeBlanc v. Lee*, 2000 WL 282790, *1 (E.D. La. Mar. 14, 2000); *see Marek v. Hildebrand*, 2008 WL 2954747, *8 (W.D. Tex. Jul. 31, 2008) ("Access to courts is protected by the First Amendment right

---

enacting legislation (i.e. a regulation that restricts access or denies a development permit) that unreasonably interferes with a landowner's right to use and enjoy property.").

to petition for redress of grievances.") (citing *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404

U.S. 508, 510 (1972)); *McDuffy v. Koval*, 226 F. Supp. 2d 541, 548 (D. Del. 2002) (quoting

*LeBlanc*)   "The constitutional right of access to courts is a facilitative right 'designed to ensure that

a citizen has the opportunity to exercise his or her legal rights to present a cognizable claim to the

appropriate court, and if that claim is meritorious, to have the court make a determination to that

effect and order the appropriate relief.' " *Hinds v. Dallas Indep. Sch. Dist.*, 188 F.Supp.2d 664, 673

(N.D.Tex.2002) (quoting *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir.1994)). The right

of access to courts is "implicated where the ability to file suit was delayed, or blocked altogether."

*Foster*, 28 F.3d at 430.

The only fact set forth by the Plaintiffs which could possibly be construed as being related

to an access claim is their allegation that they were "kept [] from the courthouse for the month prior

to two trials in Plano Municipal Court" due to the fact that there were outstanding warrants for

Plaintiff Jay Cooper's arrest and, presumably, he feared arrest if he appeared at the courthouse.

Complaint at ¶ 35. Not only does this allegation fail to state that the Officer Defendants had any

relationship to the purported denial of the Plaintiffs' access to the courts, the allegations themselves

are insufficient to state such a claim. *Id*. In this regard, Plaintiff Jay Cooper's fear of arrest on

outstanding warrants does not prohibit him from seeking judicial relief or " present[ing] a cognizable

claim to the appropriate court[.]" *Hinds*, 188 F.Supp.2d at 673. As a result, their claims should be

dismissed. *Iqbal*, 129 S.Ct. at 1949.

### 2.    *The Plaintiffs Have Failed to Plead A Viable Equal Protection Claim*

The Plaintiffs also list an equal protection violation among the litany of rights they assert the

"Defendants" have violated. Complaint at ¶ 91. The equal protection clause requires "that persons

similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)

(citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *see  Samaad v. City of Dallas*, 940 F.2d 925, 940-41 (5th Cir.1991) (government action does not deny equal protection if it does not distinguish between two or more relevant groups). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams*, 180 F.3d at 705 (quotations omitted). In this regard, the discrimination must be intentional; disparate impact is not sufficient to establish a viable claim. *Nat'l Ass'n of Government Employees v. City Public Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 715 (5th Cir. 1994); *Washburn v. Texas*, 2008 WL 3243880, *6 (W.D. Tex. Aug. 6, 2008). Notably, "[w]hen intent is an element  of a constitutional violation ... the primary focus is not on any possible animus directed at the plaintiff; rather it is more specific, such as an intent to disadvantage all members of a class that includes the plaintiff...." *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998); *see Jackson ex rel. Hadley v. Alamo Heights Indep. Sch. Dist.*, 2003 WL 22799827, *4 (W.D. Tex. Nov. 25, 2003) (quoting *Crawford-El* regarding a claim based upon an alleged equal protection violation based on race). Therefore, in order to state a plausible claim against the Officer Defendants–or any other Defendant–the Plaintiffs must plead that they "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004); *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001); *see also  Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). However, they have made no such allegations of class-based discrimination herein.  As a result, their equal protection claim should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

3.      *The Plaintiffs Have Not Pled A Plausible Claim For A Violation of Their Right To Work In Their Chosen Field*

The Plaintiffs' Complaint includes an allegation that their right to work in their chosen field has been violated. Complaint at ¶ 91. Assuming, *arguendo*, that this is a cognizable claim, the Plaintiffs have pled no facts whatsoever that their right to work wherever they choose has been infringed upon. *See generally* Complaint. As a result, their allegation is wholly conclusory and should be dismissed. *Iqbal*, 129 S. Ct. at 1949.

4.      *The Plaintiffs Have Not Pled A Plausible Double Jeopardy Claim*

a.      **The Plaintiffs' Allegations Are Conclusory**

The Plaintiffs' have alleged that their right to be free from multiple prosecutions for the same violation has been violated. Complaint at ¶ 91. The sole basis for said allegation is the conclusory assertion that "[Plaintiff Jay Cooper] was found guilty of numerous violations of the IPMC arising from the same notice." Complaint at ¶ 31. However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal*, 129 S.Ct. at 1949-50. As a result, not only is this allegation unrelated to the Officer Defendants, it is wholly conclusory and should be dismissed. *Iqbal*, 129 S. Ct. at 1949.

b.      **The Plaintiffs' Double Jeopardy Claim Is Barred By *Heck v. Humprey***

Further, even if this allegation was properly pled, it is barred by the doctrine of *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). In this regard, the Plaintiffs' themselves admit that Mr. Cooper's conviction in the "one case" which is alleged to have subjected him to double jeopardy is still on appeal in the Dallas Court of Appeals. Complaint at ¶ 32. As a result, the Plaintiffs' claim under 42 U.S.C. § 1983 is "legally frivolous because [it] question[s] the validity of his conviction and his conviction has not been declared invalid[.]" *Robinson v. Dallas County, Texas*, 1996 WL

254953, *1 (5th Cir. Apr. 17, 1996) (per curiam); *see Davis v. Nancarrow*, 2007 WL 3005571, **1-2

(N.D. Tex. Oct. 11, 2007) (plaintiff's § 1983 claim of double jeopardy barred by *Heck* Doctrine). As

the District of Utah recently explained:

> *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court
> must decide whether judgment in the plaintiff's favor would unavoidably imply that
> the conviction or sentence is invalid. Here, it appears it would. If this Court were to
> conclude that Plaintiff's constitutional rights regarding illegal incarceration and
> double jeopardy were violated in a prejudicial manner, it would be stating that
> Plaintiff's conviction and/or sentence were not valid. Thus, this complaint "must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence has
> already been invalidated."

*Bagnes v. State of Utah*, 2010 WL 5300893, *2 (D. Utah Dec. 21, 2010) (quoting *Heck*, 114 S.Ct.

at 2372). As a result, the Plaintiffs have not asserted a plausible double jeopardy claim.

### c.    The Plaintiffs' Double Jeopardy Claim Is Barred By The *Younger* Abstention Doctrine

Finally, in light of the fact that appellate proceedings are ongoing in the underlying criminal

proceedings about which the Plaintiffs' complain, this Court lacks jurisdiction to hear same based

upon the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court

held that a federal court cannot interfere with a pending state criminal proceeding absent

extraordinary circumstances. *Id.* at 43-45. Abstention is appropriate in cases where the assumption

of jurisdiction by a federal court "would interfere with pending state proceedings, whether of a

criminal, civil, or even administrative character." *Louisiana Debating & Literary Ass'n v. City of*

*New Orleans*, 42 F.3d 1483, 1489 (5th Cir.1995) (citation omitted); *see also Tex. Ass'n of Bus. v.*

*Earle*, 388 F.3d 515, 518 (5th Cir.2004) (federal courts must abstain from considering requests for

relief or damages "based upon constitutional challenges to state criminal proceedings pending at the

time the federal action is instituted") (citing *Younger v. Harris* ). The Fifth Circuit has enunciated

a three-part test to determine whether the *Younger* abstention doctrine applies: (1) the dispute must

involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges.[2] *Earle*, 388 F.3d at 519. Because all three of these elements are present herein, the Court should abstain from considering the Plaintiffs' double jeopardy claim.

### 5.     *The Plaintiffs Have Failed To Plead A Plausible Claim For Malicious Prosecution*

The Plaintiffs also allege that they should recover under 42 U.S.C. § 1983 on a malicious prosecution theory. Complaint at ¶ 91. However, they have made no factual allegations suggesting that either of the Officer Defendants were in any way involved with maliciously prosecuting Plaintiff Jay Cooper. *See generally* Complaint. As a result, said claim must be dismissed. *Iqbal*, 129 S.Ct. at 1949.

More fundamentally, a federal claim for malicious prosecution under 42 U.S.C. § 1983 does not exist in the Fifth Circuit as a matter of law.  Specifically, the Fifth Circuit held in *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc) that "'malicious prosecution' standing alone is no violation of the United States Constitution[.]" It went on to note in *Castellano* that causing charges to be filed without probable cause does not, without more, violate the Constitution. *Id.* at 953; *see also Lopez v. Unknown Galveston Police Officer # 1*, 2007 WL 1108736, *7 (S.D. Tex. April 11, 2007). Specifically, it noted that the

> initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection–the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights

---

[2] It is undisputed that these factors are satisfied. To wit, (1) the Plaintiffs plead that the action is on appeal; (2) the conditions under which a citizen may be incarcerated is recognized as an "important state interest"; and (3) the Texas state courts provide an adequate opportunity to raise his constitutional challenges. *Chapa v. Perez*, 2007 WL 2021768, *2 (S.D. Tex. May 9, 2007).

locatable in constitutional text, and some such claims may be made under 42 U.S.C.
§ 1983. Regardless, they are not claims for malicious prosecution and labeling them
as such only invites confusion. *Castellano*, 352 F.3d at 953.

Further, the Fifth Circuit has subsequently held that "[i]n this circuit, plaintiffs no longer allege a

constitutional violation by satisfying the state law elements of malicious prosecution alone." *Izen*

*v. Catalina*, 398 F.3d 363, 366 (5th Cir. 2005) (per curiam). As a result, the Plaintiffs' malicious

prosecution claim should be dismissed.

> **6.     *The Plaintiffs Have Not Stated A Plausible Fourth Amendment Claim Against The Officer Defendants***

> > **a.     The Plaintiffs' Fourth Amendment Claim Against Lt. Oldham Should Be Dismissed**

The Plaintiffs allege that Lt. Oldham was the ranking member of the City's Police

Department that was present during the execution of the January 18, 2011 search warrant signed by

Judge McNulty. Complaint at ¶ 52. There is no allegation that Lt. Oldham was in any way involved

in obtaining the warrant. *Id*. at ¶¶ 41-44. Neither is there any allegation that he executed the warrant

in a constitutionally deficient manner. *See generally* Complaint. To the contrary, the only other

allegation relating to Lt. Oldham anywhere in the Plaintiffs' Complaint is that he did not provide a

copy of the affidavit supporting the warrant when Plaintiff Jay Cooper requested same during or

shortly after the search of the Plaintiffs' residence. Complaint at ¶ 95. Of significance, there is no

allegation that a copy of the warrant itself was not left at the Plaintiffs' residence.  To the contrary,

they admit that a copy of the warrant itself was provided them. *Id*. (noting "the affidavit was not left

on the premises *with the front page of the search warrant*") (emphasis added).

"A police officer executing a[] [] warrant that later turns out to be invalid is not liable based

upon the fact that the warrant turned out to be invalid." *Chatterly v. Foree*, 2006 WL 3317249, *4

(E.D. Tex. Oct. 16, 2006 (citing *Turner v. Raynes*, 611 F.2d 92, 93 (5th Cir.1980)). In the Fifth

Circuit, individual liability for the procurement of an invalid warrant is limited to (1) the affiant officer, or (2) "an officer who actually prepares the warrant application with knowledge that a warrant would be based solely on the document prepared. Such an officer is in a position to see the whole picture, to understand his responsibility, and thus fully to assess probable cause questions." *Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005); *see Hampton v. Oktibbeha County Sheriff Dept.*, 480 F.3d 358, 365 (5th Cir. 2007) (quoting *Michalik*). As a result, "[a] policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, (or, as here, a warrant) and being mulcted in damages if he does." *Turner*, 611 F.2d at 93. In other words "[a] police officer acting in good faith on an invalid [] warrant . . . is not liable for his actions."[3] *Jackson v. United States*, 33 Fed. App'x 293, 295 (9th Cir. 2002).

While the Plaintiffs have alleged that the search warrant which was executed on January 18, 2011 was based upon an invalid affidavit, they have not alleged that Lt. Oldham was in any way involved in the procurement of said warrant. Complaint at ¶¶ 41-44, 52, 95. Specifically, Lt. Oldham is not alleged to have been the affiant officer, nor is he alleged to have been the officer who actually prepared the warrant application. *Id*. In fact, it is undisputed that Lt. Oldham was not the affiant, nor is he mentioned any where in the warrant itself. Exhibit A (the January 18, 2011 search warrant).[4]

---

[3] When an officer acts within the scope of a facially valid warrant, he or she has "acted in good faith" in its execution. *Ivester v. Lee*, 991 F. Supp. 1113, 1123 (E.D. Mo. 1998).

[4] While the Officer Defendants have attached the search warrant and accompanying affidavit to this Motion, attaching same does not convert this 12(b)(6) Motion into a Rule 56 motion for summary judgment under Rule 12(d). In this regard, when considering a motion to dismiss, a district court can consider the contents of the pleadings, including any attachments thereto, as well as documents attached to the motion to dismiss if those documents are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir.2000). Further, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir.2000). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010).

**DEFENDANTS RICHARD PEREZ, JOHN CLAGGETT AND EARNEST OLDHAM'S**
**FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**                PAGE 18
T:\233\1\1685\63972\Pleadings\Perez & Claggett Motion to Dismiss2.wpd

As a result, his mere involvement in the execution of said warrant cannot serve as a plausible basis for liability. *Michalik*, 422 F.3d at 261.

Additionally, to the extent that the Plaintiffs are attempting to assert that Lt. Oldham should be held liable for a Fourth Amendment violation due to the fact that he failed to provide them with a copy of the affidavit supporting the January 18, 2011 warrant, their claim fails for the simple reason that Tex. Code Crim P art. 18.06, the cited basis for their claim, does not require same. To the contrary, "Tex.Code Crim. Proc. Ann. art. 18.06(b) only require[s] that the warrant and a written inventory be served upon the owner of the premises to be searched, the failure to physically attach the affidavit to the warrant [i]s not a violation of the search warrant statutes." *State v. Tipton*, 941 S.W.2d 152, 155 (Tex. App.–Corpus Christi 1996, pet. ref'd); *see Turner v. State*, 886 S.W.2d 859, 865 (Tex. App.–Beaumont 1994, pet. ref'd) ("art. 18.06 does not require that the affidavit be served upon the owner of the premises to be searched, only the warrant and the written inventory."). As a result, the Plaintiffs have failed to plead a violation of article 18.06(b) of the Texas Code of Criminal Procedure.   Therefore, said purported claim should be dismissed.

###    b.    The Plaintiffs Claims Against Officer Perez And Officer Claggett Should Be Dismissed

The Plaintiffs' claim that Officer Perez and Officer Claggett should be held liable under 42 U.S.C. § 1983 for unlawfully seizing them when the officers performed an "unlawful pretext traffic stop" which violated their constitutional rights. Complaint at ¶ 47. They also assert that Officer Perez illegally surveilled them.[5] *Id*. at ¶ 46.

---

[5] While the Plaintiffs also assert that Officer Claggett "chased after Plaintiff [Jay Cooper]" when he left the scene of the stop and began to walk towards his house, they do not allege that Officer Claggett arrested or otherwise seized him at that time. *Id*. at ¶ 49. As a result, the allegations of wrongdoing are limited to the allegation of Officer Perez's surveillance and the alleged pretextual stop. *Id*. at ¶¶ 46-47.

i.      **Officer Perez Cannot Be Held Liable For An Alleged Violation of
28 CFR § 23.20**

Addressing first their assertion that Officer Perez violated 28 CFR § 23.20, the Plaintiffs have simply failed to plead a plausible cause of action. On the one hand, the Plaintiffs' allegation that improper surveillance occurred is wholly conclusory. Complaint at ¶ 46. In this regard, they only assert that Officer Perez surveilled them in a manner inconsistent with 28 CFR 23.20. *Id*. Assuming, *arguendo*, that this regulation would support a cause of action, there are no factual allegations whatsoever supporting this legal conclusion, and the Plaintiffs have not alleged any facts detailing how Officer Perez allegedly violated said regulation. *Id*. Therefore, in light of the fact that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a plausible claim, the Plaintiffs' 28 CFR § 23.20 claim–to the extent any exists–should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

Additionally, the Plaintiffs cannot seek recovery under 42 U.S.C. § 1983 for an alleged violation of the Code of Federal Regulations. As the Tenth Circuit has held, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir.1993); *see Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."). "A violation of the CFR's, *per se*, does not state a claim under 42 U.S.C. § 1983." *Gillon v. Federal Bureau of Prisons*, 2010 WL 317302, *1 (D. Colo. Jan. 25, 2010) (emphasis in original). As the Northern District of Texas has noted,

> The Fifth Circuit has stated that "it is not clear that regulations can be considered
> 'laws' for purposes of creating a right actionable under section 1983." *Gracia v.
> Brownsville Housing*, 105 F.3d 1053, 1057 (5th Cir.1997). A federal regulation
> cannot provide the basis for a cause of action "where the statute in question does not
> create enforceable rights, privileges, or immunities within the meaning of section
> 1983." *Id.* (internal quotations and citations omitted). "[P]rivate rights of action to

> enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S.
> 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (citation omitted).

*Kinzie v. Dallas County Hosp. Dist.*, 239 F. Supp. 2d 618, 637 (N.D. Tex. 2003). In light of the fact

that the Plaintiffs have not identified any private right of action which exists to enforce the

provisions of 28 CFR § 23.20, their claim brought thereunder should be dismissed.

Finally, 28 CFR § 23.20 does not apply to the present situation. In this regard, nothing

contained in that portion of the Code of Federal Regulations prohibits an officer from surveilling a

person. Complaint at ¶ 46; 28 CFR § 23.20. While the Plaintiffs assert that the alleged surveillance

was not authorized under these regulations, § 23.20 applies only to the collection and maintenance

of criminal intelligence information in criminal intelligence systems. *See* 28 CFR § 23.3. Nothing

in this regulation serves as a general prohibition on how police officers may act when observing

individuals or suspicious persons.  28 CFR § 23.20. As a result, in light of the fact that the Plaintiffs

have failed to plead that a violation of 28 CFR § 23.20 actually occurred, their claim against Officer

Perez should be dismissed.

### ii.     Officer Perez And Officer Claggett Cannot Be Held Liable For An Alleged Unconstitutional Pretext Stop

It is undisputed that pretextual traffic stops, in and of themselves, do not violate the Fourth

Amendment of the United States Constitution. *United States v. Stevens*, 487 F.3d 232, 244 (5th Cir.

2007) ("Giving a pretextual traffic violation as the reason for a stop does not invalidate an otherwise

justified stop."); *United States v. Escalante*, 239 F.3d 678, 680-81 (5th Cir. 2001). The Plaintiffs

have asserted that the justification for the stop effectuated by Officer Perez and Officer Claggett

approximately 6/10 of a mile from their residence was "to prevent Plaintiff [Jay Cooper] and his

spouse [Plaintiff Teresa Cooper] from returning to their home where Code Enforcement or City of

Plano Property Standards Division was . . . executing a search warrant." Complaint at ¶ 47. The

Plaintiffs apparently contend that this is an insufficient justification for the stop and, thus, a violation of their Fourth Amendment rights. *Id*. However, it is well settled that the Plaintiffs' Fourth Amendment rights were not violated by Officer Perez and Officer Claggett, even if their allegations are assumed to be true.

In *Michigan v. Summers*, the Supreme Court held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." 452 U.S. 692, 705 (1981) (footnotes omitted). The Fifth Circuit has noted that said holding recognized "a specific *exception* to the general principle that a warrantless police seizure of a person requires probable cause[.]" *Freeman v. Gore*, 483 F.3d 404, 412 (5th Cir. 2007) (emphasis added). Further, as the Ninth Circuit has noted,

> [t]he fact that the defendant in *Summers* was leaving the premises before the search commenced, while Norman was returning home after the search had already begun, is a distinction without a difference. Whether a defendant is detained upon leaving or returning to the premises bears no relationship to the intrusiveness of the seizure or the importance of the government's law enforcement interests; when a defendant returns home during the search, there is still a danger that he will attempt to flee, harm officers, destroy evidence, or endanger occupants of the premises. In addition, there is a search warrant in both situations, adding to the objective reasonableness of detaining the subject of the search. If these considerations justify the detention in *Summers*, they justify the detention of Norman as well.

*United States v. Norman*, 1993 WL 425964, *5 (9th Cir. Oct. 21, 1993) (unpublished opinion). Indeed, numerous circuit courts have held that individuals who arrive at a scene where a search warrant is being executed may be detained without the need for an officer to develop probable cause and that such conduct does not violate those individuals' Fourth Amendment rights. *See, e.g.*, *United States v. Jennings*, 544 F.3d 815, 818-19 (7th Cir.2008) (upholding detention of defendant who drove up to building to be searched and parked within SWAT team's security perimeter moments before search began); *United States v. Bohannon*, 225 F.3d 615, 616-17 (6th Cir.2000) (detention

of nonresident who arrived at trailer as officers were wrapping up search was lawful under *Summers*); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1191-92 (3d Cir.1995) (relatives of resident of apartment searched in DEA raid were lawfully detained immediately outside the apartment as they arrived for dinner). As the Third Circuit concluded, "[a]lthough *Summers* itself only pertains to a resident of the house under search, it follows that the police may stop people coming to or going from the house[.]" *Baker*, 50 F.3d at 1192.

In this case, it is undisputed that Officer Perez and Officer Claggett's alleged detention of the Plaintiffs was authorized by *Summers*. In this regard, it is undisputed that said Officers knew the Plaintiffs were traveling in the vehicle that was stopped. Complaint at ¶ 46. Further, it is undisputed that they did not effectuate the stop until it was certain that the Plaintiffs were returning to the site of the search warrant's execution (i.e., their residence). Complaint at ¶¶ 46-47 (while officers followed Plaintiffs for "several miles[,]" stop was not effectuated until they were "[w]ithin blocks of their residence"). As a result, even taking their allegations as true on their face, Officer Perez and Officer Claggett were authorized to detain the Plaintiff pursuant to *Summers*, and were relieved from the necessity of establishing probable cause to effectuate that detention. *Freeman*, 483 F.3d at 412. Therefore, because the detention of the Plaintiffs was justified, Officer Perez and Officer Claggett cannot be held liable to the Plaintiffs for any alleged violation of their Fourth Amendment rights. As a result, said claim should be dismissed.

### 7.   *The Plaintiffs Have Not Stated A Plausible Due Process Claim Against The Officer Defendants*

Finally, the Plaintiffs assert that they should recover under 42 U.S.C. § 1983 based upon alleged unlawful deprivations of their liberty and property. Complaint at ¶ 91. This appears to be an attempt to state a claim for a due process violation. *Cleveland Board of Education v. Loudermill*, 470

U.S. 532, 541 (1985) ("[T]he Due Process Clause provides that certain substantive rights-life, liberty, and property-cannot be deprived except pursuant to constitutionally adequate procedures."). However, the Plaintiffs have failed to make any factual allegations that either of the Officer Defendants  were in any way responsible for any purported violation of their due process rights.

In this regard, "procedural due process requires notice and a meaningful opportunity to be heard." *Flemings v. City of Dallas*, 2010 WL 3938377, *4 (N.D. Tex. Aug. 21, 2010) (citing *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)). "By requiring notice and an opportunity to be heard, the Due Process Clause permits persons whose interests may be adversely affected by government decisions to participate in those decisions." *Matthias v. Bingley*, 906 F.2d 1047, 1052 (5th Cir. 1990). In any event, regardless of whether a plaintiff seeks to invoke the protections of procedural or substantive due process, he must first identify the protected life, liberty, or property interest at issue. *Reyes v. Weslaco Indep. Sch. Dist.*, 2007 WL 2538804, *7 (S.D. Tex. Aug. 30, 2007) (citing *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). However, the Plaintiffs have failed to do so herein. Specifically, they have failed to identify any protected interest that either of the Officer Defendants effected.  Further, they have not alleged that they deprived them of "notice and a meaningful opportunity to be heard." *Matthias*, 906 F.2d at 1052. As a result, any procedural due process claim that the Plaintiffs are attempting to assert against the Officer Defendants should be dismissed.

Further, the Plaintiffs have failed to allege a viable substantive due process violation against the Officer Defendants. When pleading a substantive due process claim, a plaintiff must first identify the protected life, liberty, or property interest at issue. *Reyes*, 2007 WL 2538804 at *7 (citing *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)). As discussed above, the Plaintiffs have failed to identify any alleged protected interest which either of the Officer Defendants purportedly violated. Further, they have made no allegations whatsoever against them which would support a

substantive due process claim under § 1983. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). In this regard, a substantive due process violation requires an allegation of conscience shocking conduct. *Id*. The Plaintiffs' allegations against Officer Perez and Officer Claggett is their conclusory assertion that they stopped them under a pretext and that Lt. Oldham was the ranking officer on site during the execution of a search warrant. Complaint at ¶¶ 46-52. Simply put, none of said allegations rise to the level of conscience shocking conduct. *Lewis*, 523 U.S. at 849 ("conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level"). As a result, any substantive due process claim that the Plaintiffs are attempting to assert against the Officer Defendants should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

**E.     The Plaintiff Has Failed To Plead A Plausible Conspiracy Claim**

The Plaintiffs' Complaint also includes a claim of conspiracy, which is presumed to be alleged against all of the Defendants. Complaint at ¶ 101. In any event, the elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). A plaintiff who asserts a conspiracy claim under the civil rights statutes must plead the "operative facts" showing an illegal agreement; "bald allegations" of an agreement do not suffice. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.1987); *see Guidry v. United States Tobacco Company*, 188 F.3d 619, 631-32 (5th Cir.1999) ("a general allegation of conspiracy without a statement of the facts constituting that conspiracy is only an allegation of a legal conclusion"); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. § 1983.") (internal quotation marks omitted).

Based on the foregoing, the Plaintiffs' conspiracy claim against the Officer Defendants should be dismissed.  Additionally, the Plaintiffs' conspiracy claim should be dismissed due to the fact that they have made no allegations anywhere that any particular Defendants, including the Officer Defendants,  were participants in an illegal agreement. *See generally* Complaint. To the contrary, the Plaintiffs  merely assert that some unspecified "persons and entities were working together" to deprive him of his federally secured rights. Complaint at ¶ 101. Such an allegation fails to make "reference to material facts" and is, to the contrary, wholly conclusory. *Hale*, 786 F.2d at 690. As a result, the Plaintiffs have presented only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and their conspiracy claim should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

**F.      The Plaintiffs Have Failed To Plead State-Law Claims Against The Officer Defendants**

Because the City of Plano has moved for dismissal of the state-law claims asserted by the Plaintiffs pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e), the dismissal of their state-law claims against the Officer Defendants is mandatory. However, even if this were not the case, they have failed to plead viable claims under state law against any of said Defendants.

Specifically, the Plaintiffs allege state-law claims, presumably against all Defendants, of trespass, defamation, a violation of the common law right of privacy, and a violation of Tex. Govt. Code §552.352. However, they have made no allegations whatsoever that any of the Officer Defendants were involved in committing such tortious acts. *See generally* Complaint. As a result, to the extent, if any, that the Plaintiffs allege that the Officer Defendants should be held liable for these state-law claims, they have made only conclusory allegations in support of same. Complaint at ¶¶ 107-109. Therefore, said claims should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

# VI.
## IN THE ALTERNATE, THE OFFICER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Public officials whose positions entail the exercise of discretion are entitled to qualified immunity from personal liability in § 1983 actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Further, the usual burden of proof is altered in the context of a qualified immunity defense. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Bazan v. Hidalgo County*, 246 F.3d 481, 489-90 (5th Cir. 2001). Specifically, once a defendant has asserted the defense of qualified immunity and has established that the alleged tortious conduct was undertaken pursuant to the exercise of his discretionary authority, the burden then shifts to the plaintiff to rebut said defense. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court of the United States mandated that a two-step procedure be followed for resolving governmental official's qualified immunity claims.  First, a court had to decide whether the facts that a plaintiff had alleged or shown made out a violation of a federally secured right. *Id*. at 201. Secondly, if a plaintiff had satisfied the first step, the court then had to determine whether the right at issue was "clearly established" at the time of the governmental official's alleged misconduct. *Id*. at 201. However, in *Pearson v. Callahan* the Supreme Court overruled *Saucier*, holding that its two-step procedure for resolving qualified immunity claims was no longer mandatory. 129 S.Ct. 808 (2009). Specifically, the Court concluded that "while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory." *Id*. at 818.  As a result, it left it up to district courts and courts of appeal to determine, in the exercise of their sound discretion, which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand. *Id*. at 818.

In any event, a right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper.  *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994).  Therefore, the right must not only be clearly established in an abstract sense, but, also, in a more particularized sense so that it is apparent to the official that his actions are unlawful in light of pre-existing law. *Anderson*, 483 U.S. at 640; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998); *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

Qualified immunity is designed to protect from civil liability "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  On the other hand, an official's conduct is not protected by qualified immunity if, in light of clearly established pre-existing law, it was apparent that the conduct, when undertaken, would be a violation of the federally secured right at issue.  *Foster*, 28 F.3d at 429.  To preclude qualified immunity, it is not necessary for the plaintiff to establish that "the [specific] action in question has previously been unlawful." *Anderson*, 483 U.S. at 640.  However, for an official to surrender his right to qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances."  *Pierce*, 117 F.3d at 882; *see also Stefanoff*, 154 F.3d at 525.

## A.     The Plaintiff Has Failed To Plead A Plausible Violation of A Federally Secured Right

For the reasons heretofore discussed, the Plaintiffs have failed to allege that any of the Officer Defendants violated a right that was secured to them under federal law.  As a result, their claims against them should be dismissed.

**B.      In The Alternative, None of the Officer Defendants Violated A Clearly Established Right**

The second element which must be satisfied in order for a plaintiff to overcome an official's entitlement to qualified immunity is that the federally secured right allegedly violated by the defendant was "clearly established" at the time of the alleged misconduct. *Saucier*, 533 U.S. at 201. After *Pearson*, this Court, in its sound discretion, may make this inquiry first, before addressing whether a violation of a federally secured right occurred at all. *Pearson*, 129 S.Ct. at 818.

In any event, in order for the Plaintiffs to overcome Officer Perez, Officer Claggett and Lt. Oldham's entitlement to qualified immunity, it must be shown that their "conduct was objectively unreasonable in light of clearly established law at the time of the violation." *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010). "The touchstone of this inquiry [of whether a clearly established right has been violated] is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir.2001) (citations omitted). Because this issue is raised herein in the context of a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.' " *Senu-Oke v. Jackson State Univ.*, 283 Fed. App'x 236, 239 (5th Cir. 2008) (unpublished) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). In this regard, "[o]bjective reasonableness is a matter of law for the courts to decide[.]" *Williams v. Bramer*, 180 F.3d 699, 702 (5th Cir. 1999).

Simply put, the Plaintiffs have failed to allege that the conduct of either Officer Perez, Officer Claggett or Lt. Oldham  was objectively unreasonable or violated clearly established law when they stopped the Plaintiffs from returning to their residence during the execution of a search warrant, as permitted by *Summers*, or happened to be the ranking officer on site during the execution

of a search warrant. As a result, the Plaintiffs' claims against them should be dismissed because of their entitlement to qualified immunity.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **RICHARD PEREZ, JOSEPH CLAGGETT AND EARNEST OLDHAM** pray that their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) be granted; that the Plaintiffs' claims against them be dismissed; that they recover their attorney's fees and costs; and that they have such other and further relief, at law or in equity, to which they may show themselves entitled.

Respectfully submitted,

By:      /s/ Paul K. Pearce, Jr._____

**PAUL K. PEARCE, JR.**
State Bar No. 15683600
**TIMOTHY A. DUNN**
State Bar No. 24050542
**MATTHEWS, STEIN, SHIELS, PEARCE, KNOTT, EDEN & DAVIS, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400 Telephone
(972) 234-1750 Facsimile
ppearcej@mssattorneys.com
tdunn@mssattorneys.com

**ATTORNEYS FOR DEFENDANTS CITY OF PLANO, THOMAS MUEHLENBECK, MARK ISRAELSON, BRUCE GLASSCOCK, SCOTT NEUMEYER, GREGORY RUSHIN, PETE GABRIEL, DOUGLAS ANGLE, RICHARD PEREZ, COURTNEY PEROT, EARNEST OLDHAM, GLENN KALETTA, EDDIE DELEON, JOSEPH CLAGGETT, JENNIFER DAY, JAMAL MURRAY, PAUL MCNULTY, and CHAD BEOUGHER**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 31, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. Pursuant to the Federal Rules of Civil Procedure, a copy of said document was served upon the Plaintiff via certified mail, return receipt requested at Jay Cooper, 1520 Janwood Dr., Plano, Texas 75075. Further, the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Robert J. Davis, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis LLP, 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251; and Michael John McKleroy, Jr., Akerman Senterfitt, 600 N. Pearl, Suite 1900, Dallas, Texas 75202.

           /s/ Paul K. Pearce, Jr._____

           **PAUL K. PEARCE, JR.**

**DEFENDANTS RICHARD PEREZ, JOHN CLAGGETT AND EARNEST OLDHAM'S**
**<u>FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF</u>**    *PAGE 31*
T:\233\1\1685\63972\Pleadings\Perez & Claggett Motion to Dismiss2.wpd